UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. NO.: 3:02-548-CMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| Johnny Frank Davis, | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of both his trial and appellate counsel. The Government has moved for summary judgment, and Defendant has responded in opposition. For the reasons set forth below, the court **grants** the Government's motion for summary judgment and dismisses Defendant's motion with prejudice.

BACKGROUND

In July 2002, Defendant, together with forty-two (42) co-defendants, was indicted by a federal grand jury for participating in a conspiracy to distribute 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846.[1] On December 20, 2002, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Defendant that if he was convicted of the above-referenced offense, he was subject to enhanced penalties based upon three prior qualifying convictions.

Defendant proceeded to trial in March 2003, and was found guilty on May 2, 2003. On February 4, 2004, Defendant was sentenced to life in prison and a term of supervised release of ten

---

[1]The original indictment was superseded three times to add charges relating to other defendants. However, the charges against Defendant Davis did not change.

1

years.

Defendant appealed his conviction and sentence. In a consolidated appeal, the Fourth Circuit Court of Appeals determined that error committed by this court under *Booker v. United States*, 543 U.S. 220 (2005), was harmless as to Defendant, as his sentence was dictated by statutory provisions. Defendant's conviction and sentence were, therefore, affirmed. *See United States v. Davis*, 270 Fed. Appx. 236 (4th Cir. 2008).

Defendant filed this motion for relief on October 8, 2009, contending that he received ineffective assistance of both trial and appellate counsel. Defendant also contends that his conviction and sentence should be vacated based upon "newly discovered evidence." (Ground Two). On January 25, 2010, Defendant moved to amend his motion to assert a claim of prosecutorial misconduct (Ground Three).[2] On February 2, 2010, the Government responded in opposition to Defendant's original motion and the amendment, moving for summary judgment. An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Defendant of the importance of and requirements relating to a response. Defendant filed a response to the Government's motion on April 12, 2010.

### INEFFECTIVE ASSISTANCE OF COUNSEL

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id.* As to the first prong of the *Strickland* test,

---

[2]Defendant also filed a "motion to amend" on May 17, 2010, amending his response to the Government's summary judgment motion with additional case law. The motion is **granted**. The court has considered Defendant's submission in entering this order.

a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991). In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Id*. at 697. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not obligated to assert all nonfrivolous issues on appeal; there is hardly any question about the importance of examining the record and having appellate counsel select the most promising issues for review. *Jones v. Barnes*, 463 U.S. 745, 752 (1983); *see also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989). "'Winnowing out weaker arguments on appeal and focusing on' those

3

more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751); *see also Smith v. South Carolina*, *supra*, 882 F.2d at 899 (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims").  Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'"  *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

Defendant makes several assertions relating to the alleged ineffectiveness of trial counsel. Specifically, in his original motion, Defendant contends counsel was ineffective in failing to "request *Brady* material in relation to an alleged consensual telephone call . . . ."; in failing to present exculpatory evidence "which would have proved that a government's witness committed perjury on the witness stand[,]"; in failing to cross-examine certain witnesses (Lawrence Clark and Willie Palmer); and in failing to "conduct an appropriate investigation and advise [Defendant] of a potential affirmative defense."  Mem. Supp. of Mot. at 2 (Dkt. # 3080-1, filed Oct. 8, 2009).

As to appellate counsel, Defendant maintains counsel was ineffective in including factually incorrect material in the appellate brief and in failing to object to certain factual information contained in the Government's appeal brief which he contends caused the appellate court to decide his appeal adversely.

Defendant's arguments in opposition to the Government's summary judgment motion simply

restate the material presented in his initial filing.

For the reasons stated by the Government in support of its motion for summary judgment, with which this court agrees and adopts as its findings, Defendant is not entitled to relief on this ground. Therefore, Ground One is dismissed with prejudice.

### NEWLY DISCOVERED EVIDENCE

Defendant contends in his second ground for relief that his conviction should be vacated based upon newly discovered evidence. This evidence consists of affidavits of two individuals which purport to discredit two of the Government's trial witnesses.

For the reasons argued by the Government in the memorandum in support of the motion for summary judgment, which the court adopts, the Government is entitled to summary judgment.

### PROSECUTORIAL MISCONDUCT

Defendant's third ground for relief asserts a claim of prosecutorial misconduct, arguing that the Government allegedly offered false testimony at trial. Defendant did not respond to the Government's motion for summary judgment as to this ground, and appears to have abandoned this ground for relief.

To the extent this ground had not been abandoned by Defendant, for the reasons stated by the Government, which this court finds to be correct and adopts as its findings, Defendant's motion fails, and the Government is entitled to summary judgment.

### CONCLUSION

For the reasons noted above, the Government's motion for summary judgment is granted and Defendant's motion is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 13, 2011

6